# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| STEVEN r. POOLE and <br> CYNTHIA J. POOLE, <br>     Plaintiffs, <br><br> v. <br><br> U.S. BANK, AS TRUSTEE ON BEHALF OF <br> THE HOLDERS OF THE JP MORGAN <br> ACQUISTION TRUST 2006-WMC-2 ASSET <br> BACKED PASS THROUGH CERTIFICATES <br> SERIES 2006 WMC-2 <br>     Defendant. | CIVIL ACTION <br> No. 19-11495-TSH |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
**January 28, 2020**

**HILLMAN, D.J.**

Plaintiffs', Stephen R. Poole and Cynthia J. Poole ("Plaintiffs") filed this action against U.S Bank ("Defendant") in the Land Court of the Massachusetts Trial Court in Worcester, Massachusetts to try title under Mass. G.L. c. 240, 1-5 ("Complaint"). Defendant removed the case to this Court and now moves to dismiss all claims pursuant to Rule 12(b)(6). (Docket No. 4). For the reasons stated below, Defendant's motion is ***granted***.

## Background

Because Plaintiffs appear *pro se*, we construe their pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197

(2007). Nevertheless, Plaintiffs' pro-se status does not excuse them from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

On January 9, 2002, Plaintiffs acquired title to the Property. On February 24, 2006, Plaintiffs executed a promissory note and granted a mortgage against the Property to SRI, a California Corporation, in the amount of $220,000.00. Also on February 24, 2006, SRI assigned the Mortgage to WMC Mortgage Corp. and, on March 10, 2006, WMC Mortgage Corp. assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS").

On June 1, 2013, MERS assigned the Mortgage to JPMorgan Chase Bank, N.A. ("Chase"). On June 25, 2014, Chase assigned the Mortgage to U.S. Bank. U.S. Bank subsequently filed a complaint against WMC Mortgage Corp. and SRI seeking declaratory relief to allow U.S. Bank to record copies of the assignments of the subject Mortgage, in lieu of originals (the "2014 Action"). On January 7, 2015, the Worcester Superior Court entered a judgment in the 2014 Action allowing U.S. Bank to record copies of these two assignments in the Registry. *See Order for Default Judgment*, *Worcester Superior Court* (Docket No. 5-1, Exhibit E). On August 22, 2017, the servicer of the loan, Select Portfolio Servicing, Inc., executed an affidavit pursuant to M.G.L. c. 244, §§ 35B and 35C stating that U.S. Bank is the holder of the Note and Mortgage and was authorized to foreclose on the Property.

On October 3, 2017, Plaintiffs filed a Petition for Injunctive Relief in Worcester Superior Court seeking to enjoin U.S. Bank from foreclosing on the Property. On December 12, 2017, the Superior Court denied Plaintiffs' Petition holding that Plaintiffs lacked standing to challenge the chain of assignments of the Mortgage, that each assignment had been executed in accordance with Massachusetts statute, and that the record adequately demonstrated the requisite unbroken chain of assignments. *See Memorandum of Decision and Order on the Plaintiffs' Motion for a*

*Preliminary Injunction, Worcester Superior Court*, (Docket No. 5-1, Exhibit H). On December 19, 2017, the Superior Court dismissed the case with prejudice. On or about January 26, 2018, Plaintiffs filed a Motion for Reconsideration with that Court and, on February 13, 2018, the Court denied Plaintiffs' Motion for Reconsideration. On January 3, 2018, Plaintiffs filed a motion titled "Motion to Review, and Vacate or Reverse Judgment" and, on February 22, 2018, the Court denied Plaintiffs' Motion to Vacate holding that "Plaintiffs have no standing in this case to bring this motion … [because] Plaintiffs are seeking to vacate a three year old judgment in a separate action in which they were not a party." On March 1, 2018, Plaintiffs filed a Notice of Appeal the Court's denial of Plaintiffs' Motion to Vacate. Plaintiffs did not appeal the judgments entered on December 12, 2017 and February 13, 2018.

On May 16, 2019, the Appeals Court vacated the lower court's Order denying Plaintiffs' Motion to Vacate, not on the merits but because the Order was moot. *See Stephen R. Poole v. U.S. Bank N.A.*, 95 Mass. App. Ct. 1113 (2019), review denied 482 Mass. 1106 (June 27, 2019) (Docket No. 5-1, Exhibit K). The Appeals Court did not consider the allegations and causes of action related to the 2017 Superior Court action because Plaintiffs failed to appeal the Worcester Superior Court's denial of Plaintiffs' Petition or its dismissal of the 2017 case. The Appeals Court stated:

> In the 2017 action, which Poole brought seeking to preempt the bank's foreclosure, he had the opportunity to raise the consequences of the bank's failure to join him in the earlier litigation and to argue that the bank was not in fact the holder of the mortgage. (…) His failure to appeal the judgment against in the 2017 action renders the bank's failure to join him in the earlier action of mere academic interest.

On June 3, 2019, Mr. Poole filed an application for Further Appellate Review ("FAR") with the Supreme Judicial Court ("SJC"). *See* (Docket No. 5-1, Exhibit L). On June 27, 2019, the SJC denied Ms. Poole's application for FAR. *Id.*

On June 19, 2019, Plaintiffs filed this action against Defendant in the Land Court division of the Trial Court of Massachusetts, attempting to try title to the Property pursuant to Mass. Gen. L. c. 240, 1-5 and challenging Defendant's right to foreclose on the Property to due alleged defects in the chain of title. Defendant removed the action to this Court on July 9, 2019.

### Standard of Review

A defendant may also move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations,

"even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

## **Discussion**

Defendants assert that Plaintiffs' claims in this action must fail because they are precluded by the doctrine of *res judicata*; Plaintiffs' lack standing to assert a try title action; and Plaintiffs' failure to state a claim upon which relief can be granted. I agree that the issues were previously litigated in state court and accordingly, grant the motion to dismiss as explained below.

Plaintiffs' sole argument is that the res judicata doctrine does not apply because the new suit alleges "new facts and evidence," without showing any new facts or evidence. There are brief, perfunctory mentions of excessive and fatal flaws in the mortgage recordings and attachments of the prior years' documents and court orders.

"Res judicata 'makes a valid final judgment conclusive on the parties ... and prevents re-litigation of all matters that were or could have been adjudicated in the action.'" *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008) (*quoting Kobrin v. Bd. of Regist. in Med.*, 444 Mass. 837, 843, 832 N.E.2d 628 (2005)). Res judicata requires that the following elements have been established: (1) a final judgment on the merits in an earlier proceeding; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two actions. *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1165 (1st Cir. 1991), *cert. denied*, 502 U.S. 816 (1991). Additionally, the issue "must have been essential to the earlier judgment" and "appellate review must have been available in the earlier case." *In re Sonus Networks, Inc, S'holder Derivative Litig.*, 499 F.3d 47, 57 (1st Cir 2007). The court should consider "whether 'the parties were fully heard, the judge's

decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed" to determine whether a final judgment was rendered. *Jarosz v. Palmer*, 49 Mass. App. Ct. 834, 837, 733 N.E.2d 164 (2000), *aff'd*, 436 Mass. 526, 533-34, 766 N.E.2d 482 (2002) (citation omitted).

All of the elements are met in this case: the parties are the same in this action and the various state actions, the issues are identical; a final judgment on the merits was rendered with an opportunity to appeal; and Plaintiff appealed an earlier 2014 decision. The issues are based on the same set of facts. In their 2017 case in Superior Court, Plaintiffs challenged U.S. Bank's ability to foreclose on the Mortgage as a result of the assignments of record. Here, Plaintiffs allege that the same assignments of Mortgage are defective and therefore render the foreclosure void. There was a final judgment on the merits in which the Superior Court denied the Plaintiffs' petition in the 2017 case, which was later dismissed with prejudice. Notably, Plaintiff did not appeal the 2017 case. Finally, in a summary decision of May 19, 2019, the Appeals Court in Massachusetts held that Plaintiffs had ample opportunity in their past court actions to raise any issues related to the foreclosure, failure to be joined as a party or what party holds the mortgage. Their failure to take action then precludes them from doing so now.

## Conclusion

For the reasons stated above, Defendant's motion (Docket No. 4) is ***granted.***

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
